[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2011
JOHN LEY
CLERK

No. 10-14727
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cr-00046-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAM M. PETERSEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 18, 2011)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Adam Petersen appeals his sentence of imprisonment for 121 months

following his conditional plea of guilt for receipt of child pornography. 18

U.S.C. § 2252A(a)(2), (b)(1). Petersen argues that the district court erred in applying the two-level enhancement for distribution of child pornography based on his use of a peer-to-peer file-sharing network. U.S.S.G. § 2G2.2(b)(3)(F). Petersen contends that he had inexpert knowledge about how peer-to-peer filing-sharing worked, and there was no evidence that he understood the uploading or "sharing" capabilities of the software he used. We affirm.

We review the interpretation of the Sentencing Guidelines de novo and any underlying findings of fact for clear error. United States v. Zaldivar, 615 F.3d 1346, 1350 (11th Cir. 2010), cert. denied, 131 S. Ct. 959 (2011). "[F]actual findings used to support a sentencing enhancement must be based on reliable and specific evidence and cannot be based on speculation." United States v. Newman, 614 F.3d 1232, 1238 (11th Cir. 2010).

Under section 2G2.2(b)(3)(F) of the Guidelines, a defendant's base offense level for a child pornography offense may be enhanced by two levels if it involves "distribution," other than distribution for pecuniary gain, for value, or to a minor. Distribution is defined broadly as follows:

> any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere

2

solicitation of such material by a defendant.

U.S.S.G. § 2G2.2, cmt. n.1. Section 2G2.2(b)(1) provides for a two-level reduction in the base offense level when the defendant's conduct is limited to receipt or solicitation, and the defendant did not intend to traffic in or distribute child pornography.

The district court did not clearly err in finding that Petersen understood the capabilities of the file-sharing software he used. Petersen admitted to downloading and installing the software, he was the most computer literate person in the household, and he preferred the Shareaza file-sharing program over other programs because of its search capabilities. The blocking feature in Shareaza was not enabled. Child pornography was downloaded by authorities from Petersen's computer in a folder that was open to share files with any computer with which it was connected. Based on this record, the district court did not err in finding that Petersen committed distribution within the meaning of section 2G2.2(b)(3)(F).

**AFFIRMED.**